IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA DURRAH, | ) | CASE NO. 1:17-CV-00666 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| 16 ASSET MANAGEMENT HOLDINGS., et al., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants' Motion to Dismiss Amended Complaint (ECF #17) filed by Defendants 16 Asset Management Holdings, Inc., Ocwen Loan Servicing, LLC., Asset Recovery Management, Inc., Asset Recovery Investments, LLC, Strategic Recovery Group, LLC, and ClearSpring Loan Services, Inc. ("Defendants"). Plaintiff, Cynthia Durrah, ("Ms. Durrah"), has not filed a Memorandum in Opposition or any other pleading opposing the Motion to Dismiss as required by Local Rule 7.1 of the Civil Rules for the Northern District of Ohio.

For the reasons more fully set forth herein, Defendants' Motion to Dismiss (ECF #17) is GRANTED.

I.  FACTUAL BACKGROUND

Ms. Durrah claims that on August 1, 2007, she executed a note and mortgage (the "loan") which conveyed a security interest in property located at 3822 E. 146th Street, in Cleveland, Ohio. (ECF #13, ¶¶ 15, 36). Ms. Durrah claims that she was provided with "misleading and false

representations" by Defendants regarding the terms of the loan, and later attempted to rescind the loan. (See ECF #13, ¶¶ 15, 31). Ms. Durrah's Amended Complaint contains four counts: Count One - Negligent and/or Intentional Misrepresentations, Count Two - Breach of Fiduciary Duty - As Against All Defendants, Count Three - Breach of Contract, and Count Four - Fraudulent Misrepresentation. Defendants filed their Motion to Dismiss on July 13, 2017. (ECF #17).

II. ANALYSIS

A. Legal Standard

A motion to dismiss filed pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure must be granted where the complaint does not contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citation omitted). To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (internal quotation marks omitted)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

This Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Nevertheless, a Court need not accept as true any "conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011). The plaintiff's complaint instead "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some

viable legal theory." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007)(citation and internal quotation marks omitted).

B. Ms. Durrah's Failure to Oppose Defendants' Motion to Dismiss

Ms. Durrah has not filed a responsive pleading with this Court to challenge the facts and legal arguments set forth by Defendants in their Motion to Dismiss. It is generally held that if a plaintiff fails to respond or to otherwise oppose a defendant's motion to dismiss, then the district court may deem the plaintiff to have waived opposition to the motion. *See, e.g., Humphrey v. U.S. Attorney General's Office*, 279 Fed.Appx. 328 (6th Cir. 2008)(citations omitted). However, having conducted an independent review of the sufficiency of Ms. Durrah's Amended Complaint, this Court also finds that it fails to set forth any plausible claim, as required by *Iqbal* and *Twombly*.[1] Furthermore, as set forth herein, many of Ms. Durrah's claims are dismissable as they are time-barred.

C. Counts One, Two and Four are Time-Barred

Counts One and Three allege misrepresentations were made by one or more Defendants during the signing of the loan documents in August of 2007.[2] Defendants argue that these claims are time-barred, and this Court agrees. Claims of negligent, intentional and fraudulent misrepresentation are governed by the four-year statute of limitations found in Revised Code Section 2305.09. Therefore, Ms. Durrah should have filed these claims on or before August 1,

---

[1] *See Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir.2006) (finding an abuse of discretion where district court dismissed plaintiff's claims without undertaking an independent review of the sufficiency of the pleadings solely because plaintiff failed to respond to a motion to dismiss).

[2] Although Ms. Durrah's claims appear to be relating to the events of August 2007, the Mortgage attached to the Amended Complaint is dated May 20, 1997. (See ECF #13-1).

-3-

2011, but failed to do so. For this reason, Counts One and Three of the Amended Complaint are dismissed as time-barred.

Similarly, the breach of fiduciary duty claim is time-barred under Revised Code Section 2305.09, which provides a four-year statute of limitations for such claims. *Antioch Company Litigation Trust v. Morgan,* 644 Fed.Appx. 579, 582 (6th Cir. 2016)(*citing Cundall v. U.S. Bank,* 122 Ohio St.3d 188, 909 N.E.2d 1244, 1249 (2009). As Ms. Durrah's breach of fiduciary duty claim stems from the time of the loan closing in August of 2007, this claim is untimely, and therefore Count Four is dismissed.

D. Breach of Contract Claim - Count Three

The elements for a breach of contract claim that Ms. Durrah must demonstrate by a preponderance of the evidence are: (1) that a contract existed, (2) that the plaintiff fulfilled her obligations, (3) that the Defendants failed to fulfill his obligations, and (4) that damages resulted from this failure. *See Williams v. Richland County Children Services,* 861 F.Supp.2d 874, 885 (N.D. Ohio 2011). Ms. Durrah has not alleged sufficient facts to support a breach of contract claim against any of the Defendants in this matter.

The Amended Complaint does not identify which contract was allegedly breached or which Defendant may have been party to such contract. In a breach of contract case, "a plaintiff must identify the specific contract language whereby the defendant assumed a legally-enforceable obligation to the plaintiff." *GKP, LLC v. Wells Fargo & Co.,* 2013 WL 5353799 (N.D.Ohio, Sept. 24, 2013), at *3. Ms. Durrah's failure to identify any contract language that would support the existence of her claimed contractual rights against the Defendants is a failure to show that she is entitled to relief. *Id.*

Ms. Durrah has done nothing more than make conclusory statements without providing sufficient factual support for her claim. Therefore, it is impossible to determine which, if any, Defendant owed Ms. Durrah any obligation or duty under a contract in this case. For this reason, Ms. Durrah's breach of contract claim, Count Three, is dismissed.

III. CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss (ECF #17) is GRANTED as to all Defendants.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States Distrcit Judge

DATED: September 6, 2017